IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GORDON ERSPAMER,

    Plaintiff,

v.

MORRISON & FOERSTER LLP LONG TERM DISABILITY PLAN,

    Defendant

No. C-08-4692 MMC

**ORDER AFFORDING PARTIES LEAVE TO FILE SUPPLEMENTAL BRIEFING; CONTINUING HEARING**

    Before the Court are two motions: (1) plaintiff Gordon Erspamer's Motion for Judgment Pursuant to Federal Rule of Civil Procedure 52, filed November 6, 2009, and (2) defendant Morrison & Foerster LLP Long Term Disability Plan's Cross-Motion for Judgment Pursuant to Federal Rule of Civil Procedure 52, filed November 25, 2009; both motions are currently noticed for hearing on January 22, 2010. Upon further consideration of the papers filed in support of and in opposition to the motions, the Court finds a hearing would be more productive after the parties have had the opportunity to address in advance two issues not fully addressed in the parties' respective papers.

**A. Loss of Monthly Earnings**

    The subject plan provides, inter alia, that a claimant seeking long-term disability benefits must establish he has a "20% or more loss in [his] indexed monthly earnings due

to [the claimed] sickness or injury" (see Administrative Record ("AR") 46), and provides a definition for the terms "monthly earnings" and "indexed monthly earnings" (see AR 47-48, 64). The plan further provides that the claimant must provide "appropriate documentation of [his] monthly earnings." (See AR 58.)[1]

Where, as here, a court reviews a denial of benefits de novo, "the court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits," and, specifically, determines "whether [the claimant] was entitled to benefits based on the evidence in the administrative record and other evidence as might be admissible." See Opeta v. Northwest Pension Plan for Contract Employees, 484 F.3d 1211, 1217 (9th Cir. 2007) (internal quotations, citations, and alteration omitted).

In his motion, plaintiff does not identify evidence in the administrative record that documents his monthly earnings, much less evidence to support a finding that he has incurred a 20% or more loss in such monthly earnings. Rather, plaintiff cites to evidence outside the administrative record. Further, such evidence is cited to show plaintiff's annual income over the course of several years, and plaintiff has not endeavored to explain how such evidence demonstrates his "monthly earnings" under the plan's definition thereof and/or reflects a "20% or more loss in [plaintiff's] indexed monthly earnings."

Accordingly, the Court finds it appropriate to afford plaintiff leave to identify any evidence in the administrative record supporting a finding that, under the plan's definition of "monthly earnings," there has been a "20% or more loss in [plaintiff's] indexed monthly earnings," and, additionally or alternatively, to explain how the cited evidence outside the record, if admissible, supports such a finding.

//

---

[1] The Court notes that the plan also provides that a claimant is not considered "disabled" unless he is "under the regular care of a doctor." (See AR 46.) Although the parties, in their respective filings, acknowledge such requirement, neither party addresses the question of whether the administrative record includes sufficient evidence to support a finding that plaintiff is "under the regular care of a doctor." Consequently, the Court assumes there is no dispute that plaintiff has satisfied the "regular care of a doctor" requirement.

**B. Date of Alleged Disability**

As noted above, the court, in reviewing a denial of benefits de novo, looks, in the first instance, to the administrative record. Here, neither party has identified where in the administrative record the claim can be located; as a result, the specific claim made and denied, and, in particular, the date on which plaintiff asserted entitlement to payment of long-term disability benefits, is unclear.[2] As discussed below, the parties, in their respective motions, do not resolve the ambiguity.

In his complaint, as well as in his motion for judgment, plaintiff seeks a finding that he is entitled to long-term disability benefits "from September 12, 2007." (See Compl. at 5:2-3; Pl.s Mot. at 2:6-7.) Although these filings may suggest plaintiff sought, from defendant, long-term benefits beginning on September 12, 2007, plaintiff neither asserts he submitted such a claim to defendant, nor points to any evidence in the administrative record reflecting such date.

Moreover, defendant, in its cross-motion, seeks a finding that "[p]laintiff did not prove that as of March 15, 2007, he was [disabled]." (See Def.'s Cross-Mot. at 20:2-3.) As noted above, plaintiff does not seek by the instant action a finding of entitlement to long-term disability benefits beginning March 15, 2007. Further the record appears to support a finding that defendant did find plaintiff was disabled, at least for purposes of short-term disability benefits, as of March 15, 2007. (See AR 881.) To the extent defendant may be arguing, for reasons of eligibility or otherwise, that an inability to establish entitlement to benefits as of March 15, 2007 constitutes a bar to plaintiff's claim for long-term disability benefits as of September 12, 2007, defendant has failed to explain the basis for any such argument.

---

[2]In its initial decision denying plaintiff's claim for long-term disability benefits, defendant did not set forth the date on which plaintiff alleged he was entitled to begin to receive long-term disability benefits, but noted that it had approved plaintiff's claim for short-term disability benefits through the date of May 27, 2007. (See AR 404.) In its decision denying plaintiff's appeal of the initial denial, defendant stated the alleged "date of disability" was March 15, 2007 (see AR 1184), but did not indicate whether the benefits sought as of that date were long-term or short-term.

3

Accordingly, the Court finds it appropriate to afford plaintiff an opportunity to identify where, in the administrative record, the Court can locate the claim made and denied, as well as an opportunity to clarify the significance of the date of September 12, 2007. Further, the Court finds it appropriate to afford defendant an opportunity to clarify the significance of the date of March 15, 2007 with respect to plaintiff's claimed entitlement to long-term disability benefits.

**C. Schedule**

The Court sets the following schedule for the parties' supplemental briefing on the issues identified above:

1. Plaintiff's supplemental brief shall be filed no later than February 26, 2010, and shall not exceed ten pages in length.

2. Defendant's responsive supplemental brief shall be filed no later than March 19, 2010, and shall not exceed ten pages in length.

3. Plaintiff's supplemental reply brief shall be filed no later than April 2, 2010, and shall not exceed five pages in length.

4. The hearing on the motions is hereby CONTINUED to April 23, 2010, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: January 21, 2010

MAXINE M. CHESNEY
United States District Judge