IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON ERSPAMER,<br><br>    Plaintiff,<br><br>  v.<br><br>MORRISON & FOERSTER LLP LONG TERM DISABILITY PLAN,<br><br>    Defendant<br>_____ / | No. C-08-4692 MMC<br><br>**ORDER VACATING HEARING; AFFORDING DEFENDANT OPPORTUNITY TO CONDUCT FURTHER DISCOVERY; SETTING DEADLINE TO COMPLETE ADDITIONAL DISCOVERY; DENYING WITHOUT PREJUDICE MOTIONS FOR JUDGMENT; SCHEDULING CASE MANAGEMENT CONFERENCE** |

    Before the Court are two motions: (1) plaintiff Gordon Erspamer's Motion for Judgment Pursuant to Federal Rule of Civil Procedure 52, filed November 6, 2009, and (2) defendant Morrison & Foerster LLP Long Term Disability Plan's Cross-Motion for Judgment Pursuant to Federal Rule of Civil Procedure 52, filed November 25, 2009. Also before the Court are the parties' respective supplemental briefs, filed pursuant to the Court's order of January 21, 2010. Having read and considered the parties' respective submissions, the Court hereby VACATES the hearing scheduled for April 23, 2010 and rules as follows.

    The subject plan provides, <u>inter</u> <u>alia</u>, that a claimant seeking long-term disability benefits must establish he has a "20% or more loss in [his] indexed monthly earnings due to [the claimed] sickness or injury" (<u>see</u> Administrative Record ("AR") 46), and provides a

definition for the terms "monthly earnings" and "indexed monthly earnings" (see AR 47-48, 64). The plan further provides that the claimant must submit with his claim "appropriate documentation of [his] monthly earnings." (See AR 58.)

In the Court's order of January 21, 2010, the Court afforded plaintiff leave to file a supplemental brief to identify any evidence in the administrative record that would support a finding that, under the plan's definition of "monthly earnings," there has been a "20% or more loss in [plaintiff's] indexed monthly earnings," and, additionally or alternatively, to explain how evidence outside the administrative record, which evidence previously had been offered by plaintiff, would support such a finding. In his supplemental brief, plaintiff neither identifies any such evidence in the administrative record nor in his previously submitted evidence outside the administrative record. Rather, plaintiff offers additional evidence outside the administrative record. Defendant argues that plaintiff's newly offered evidence should be stricken.

The newly offered evidence consists of a declaration by Maria DeMartini ("DeMartini"), Morrison & Foerster's Senior Finance Manager, who provides a calculation of plaintiff's earnings in 2007 (see DeMartini Decl. ¶ 6), and, in particular, states what plaintiff's earnings would have been had he worked full-time in 2007 (see id. Ex. 1), as well as how Morrison & Foerster classified plaintiff during specified periods of time in 2007, e.g., "Full-Time" from January 1, 2007 through March 14, 2007 and "Partial STD @ 60%/Work" from June 13, 2007 through September 10, 2007 (see id. Ex. 2). The Court finds such information relevant, both as to the issue of whether plaintiff incurred a "20% or more loss in [his] indexed monthly earnings due to [the claimed] sickness or injury" (see AR 46), and the issue of whether plaintiff, as of March 15, 2007, was "unable to perform the material and substantial duties of [his] regular occupation due to [his] sickness or injury" (see id.).[1]

---

[1] In his complaint, plaintiff alleges he is entitled to long-term disability benefits beginning on September 12, 2007. As defendant explains in its supplemental brief, a claimant is not entitled to long-term benefits unless he is continuously disabled for a period of 180 days. (See AR 47.) Accordingly, in order for plaintiff to be entitled to long-term benefits beginning on September 12, 2007, plaintiff must establish he became "disabled" no later than March 15, 2007.

2

1 Additionally, the Court finds plaintiff has provided a sufficient explanation for his failure to
2 submit such information at the time defendant was reviewing plaintiff's claim or at an earlier
3 stage of the instant litigation.  Although, as defendant correctly notes, the information
4 contained in DeMartini's declaration was not provided to defendant until plaintiff filed his
5 supplemental brief and defendant has had no opportunity to challenge its reliability, the
6 Court declines to strike the evidence and instead will afford defendant the opportunity to
7 conduct further discovery, specifically, discovery limited to the accuracy of, and source(s)
8 for, the information contained in DeMartini's declaration.
9      Accordingly, for the reasons set forth above:
10      1. Discovery is hereby REOPENED for the above-described limited purpose; the
11 deadline for completion of such additional discovery is June 18, 2010.
12      2. In light of the above ruling, the parties' respective motions for judgment are
13 hereby DENIED without prejudice to refiling.
14      3. A Case Management Conference is hereby scheduled for July 16, 2010.  A Joint
15 Case Management Statement shall be filed no later than July 9, 2010, in which Statement
16 the parties shall include, <u>inter alia</u>, (a) a briefing schedule on the parties' refiled motions,
17 which schedule shall include a joint proposal for any further briefing, provided such
18 additional briefing is deemed necessary by either party, and (b) a joint proposal for further
19 alternative dispute resolution.
20      **IT IS SO ORDERED.**
21
22 Dated: April 20, 2010
23                            MAXINE M. CHESNEY
                            United States District Judge
24
25
26
27
28