United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gordon Erspamer, | No. C 08-4692 MMC (JL) |
| Plaintiff, | |
| v. | **ORDER** |
| Morrison & Foerster LLP Long Term Disability Plan, | |
| Defendants. | |
| _____/ | |

All discovery in this case was referred by the district court (Hon. Maxine M. Chesney) under 28 U.S.C. §636(b). This Court received and reviewed Plaintiff's Ex Parte Motion to Quash or for Protective Order, e-filed at Docket # 85, and the declaration of Daniel Feinberg in support. The Court also reviewed the letter of defense counsel Tad Devlin to Judge Chesney, e-filed at Docket # 88.

In his motion Plaintiff is asking the Court to:

1) Issue a protective order barring Defendant from enforcing the Wetmore subpoena;

2) Quash or limit the DeMartini, Erspamer, and 30(b)(6) depositions as cumulative and unduly burdensome;

1  3) Quash most or all of Defendant's document subpoena on Morrison & Foerster as
2  outside the scope of Judge Chesney's April 20, 2010 order.
3  In the April 20 order, Judge Chesney reopened discovery by Defendant, for a limited
4  purpose, specifically: "limited to the accuracy of, and source(s) for, the information
5  contained in DeMartini's declaration." (Order at 3:7-8)
6  In her declaration, Maria DeMartini, Morrison & Foerster's Senior Finance Manager,
7  provides a calculation of Plaintiff's earnings in 2007 and, in particular, states what Plaintiff's
8  earnings would have been had he worked full-time in 2007, as well as how Morrison &
9  Foerster classified Plaintiff during specified periods of time in 2007, e.g., "Full Time" from
10 January 1, 2007 through March 14, 2007 and "Partial STD @ 60%/Work" from June 13,
11 2007 through September 10, 2007. Judge Chesney found this information to be relevant,
12 both to the issue of whether Plaintiff incurred a "20% or more loss in [his] indexed monthly
13 earnings due to [the claimed] sickness or injury," and the issue of whether Plaintiff, as of
14 March 15, 2007, was "unable to perform the material and substantial duties of [his] regular
15 occupation due to [his] sickness or injury."
16 The additional discovery that Judge Chesney is allowing is limited to an
17 authentication of DeMartini's personal knowledge of the facts to which she is testifying and
18 what if any documentation she relied on. Defendant has propounded numerous document
19 requests and noticed multiple depositions. The Court finds this to be clearly excessive and
20 these requests and deposition subpoenas and notices are unenforceable. Nevertheless,
21 some very limited portions of the discovery sought may be within the scope of Judge
22 Chesney's order, so this Court hereby orders the parties to meet and confer in person as
23 required by this Court's Standing Order, and attempt to resolve their dispute. If they are
24 unsuccessful, the matter will be heard before this Court on June 30, 2010 at 9:30 a.m., the
25 Court's first available hearing date. The parties may complete their briefing on the normal
26 briefing schedule.
27
28

1   IT IS SO ORDERED.
2  DATED: May 18, 2010

_____
JAMES LARSON
United States Magistrate Judge

G:\JLALL\CASES\CIV-REF\08-4692\Brief 85.wpd